In The United States District Court For the Northern District of Alabama

Northwestern Division

Tony Dickerson,

Plaintiff,

v.

Essity Professional Hygiene
North America, L.L.C. and or
Essity North America, Inc.,
A, B, or C, the employer of the
Plaintiff at all material times
set forth in the complaint and whose
true identity is not known, but
will be added by amendment
when ascertained,

Defendants.

Case number:

## Jurisdiction

1. The Plaintiff, Tony Dickerson, is a citizen of the State of Alabama and has resided for more than six months prior to filing this action in Colbert County, Alabama.

2. The Defendants are identified as Essity Professional Hygiene North America, L.L.C. and or Essity North America, Inc., A, B, or C the employer of the Plaintiff at all material times set forth in the complaint and whose true identity is not known but will be added by amendment when ascertained.

3. There is some confusion as to the true and correct identification of the employer/Defendant of the plaintiff in this matter. When the Plaintiff exercised administrative remedies and complained to the EEOC, the Defendant responded on behalf of Essity North American, Inc. When the Defendants leave, the administrator advised as which absent dates were approved or not approved under the FMLA, The Standard, the administrator of the of the leave policy replied on behalf of Essity Professional Hygiene North America, L.L.C. When the Defendant terminated the Plaintiff for violating the call-in policy and as otherwise did not approve his absences or late call-ins either under the ADA or FMLA, the termination notice simply identified the Defendant as "Essity."

4. For purposes of this initial complaint, the Defendants shall be collectively referred to as "Essity."

5. Essity, (Essity North America, Inc.) is believed to be a foreign citizen with its principal place of business at 400 W. New Hope Road, Rogers, Arkansas 72758.

6. Essity, (Essity Professional Hygiene North America, L.L.C.) is believed to be a foreign citizen with its principal place of business at 2929 Arch Street, Suite 2600, Philadelphia, PA 19104.

7. Moreover, jurisdiction is primarily based on claims arising under the law of the United States of America, to wit the American with Disabilities Act or ADA found at 42 U.S.C. 12101, et seq., and the Federal Medical Leave Act or FMLA found at 29 U.S.C. 2601, et seq. Thus, giving this subject matter jurisdiction, 28 U.S.C. 1331.

8. This Court also has subject matter jurisdiction of these claims based on diversity of citizenship, 28 U.S.C. 1332 in that the Plaintiff is a citizen of the state of Alabama and the Defendants are citizens of the state of Pennsylvania and Arkansas.

9. The matter in controversy also exceeds $75,000 exclusive of interests and costs because the Plaintiff seeks backpay, compensatory and punitive damages of at least $250,000.00, and front pay or his job restored with benefits plus reasonable attorney fees.

10. Venue is proper in this district because the events described, unless otherwise stated, occurred at the Defendant's facility in Cherokee, Alabama.

**Factual background**

11. The Defendants own or operate a plant facility in 1834 Halsy Drive, Cherokee, Alabama, with at least 100 or more employees on a typical day at all times material to this complaint.

12. Prior to his termination, Dickerson had worked more than 1,250 hours for the 12 months preceding his leave dates of November 12, 2023, and August 4, 2024, with the Defendants.

13. The Plaintiff had been employed at Essity's plant since 2019 and was employed at the time of his termination as a logistics technician, which means in practice that he was a forklift operator.

14. Essity knew the Plaintiff had two serious medical conditions that affected his activities of daily living as well as his employment ability.

15. Dickerson is deaf in his right ear and only has 25% hearing in his left ear.

16. The Plaintiff also has heart disease, has suffered two heart attacks in the past, and would have to miss work on those days when he was experiencing tachycardia or rapid heartbeat.

17. Initially, Essity allowed Dickerson to work the night shift as a reasonable accommodation to help Plaintiff work and be on time due to his hearing loss. Dickerson needed to work the night shift due to an inability to hear an alarm. Diclerson's brother also worked the night shift, but at a different employer. Dickerson's brother lived across the street from Tony and could determine if the Plaintiff had overslept and missed his alarm.  Being unable to

hear the alarm on a regular basis made it difficult to work a shift during the day as the Plaintiff was likely to be late or miss work.

18. Essity has an attendance policy subject to requirements of the FMLA and ADA that an employee may be disciplined up to and including termination of employment if the employee has more than 8 points in a rotating 12-month period. Each non-approved absence counts as a "one" or 1 point.

19. In addition, Essity has a call-in policy, again subject to the exceptions for approved leave under the FMLA or ADA that requires employee to call in when possible, they are required to call in at least one hour before their shift starts if they cannot make it in time. Three late "call-ins" during any 12 rotating period also permitted Essity to discipline the employee, including possible termination of employment.

20. At first, Essity accommodated Dickerson's hearing disability by allowing him to work the night shift, and to account for his heart condition, he was allowed to miss work one day in every four months. Then, in June of 2023 through June of 2024, he was approved for up to 6 times or absences every month for a 12-hour shift. It was commonplace for Essity to approve leave retroactively since the Plaintiff's heart condition required him

to take medication and remain at home and not see a doctor unless the condition continued unabated for more than 1 hour.

21. Beginning in April of 2024, Essity no longer permitted Dickerson to work the night shift only but instead required Dickerson to work a swing shift, which resulted in working some days and some nights on a rotating basis.

22. Dickerson protested the change in schedules to his supervisor Jim Bryant, who made the decision to stop allowing Dickerson to work only the night shift. Dickerson protested and informed Bryant that he would likely start missing days of work or be late to work due to his loss and the lack of his brother being able to wake him in time if he overslept or otherwise he would not hear his alarm.

## The Plaintiff's Wrongful Termination

23. Essity fired Dickerson via a certified letter dated August 6, 2024, for violation of the 3 late call-in policy. Essity contended that Dickerson had failed to give timely notice of his potential absence or tardiness on November 12, 2023, June 3, 2024, and August 4, 2024.

24. Dickerson disputes the validity of the November 12, 2023, and August 4, 2024, dates as being improperly counted as violating the call-in policy when such absences or late calls in were permitted due to the accommodation for

missing work due to chest pains and under his FMLA approved leave due to the same.

25. Specifically, on November 12, 2023, Plaintiff had chest pains so much so that he couldn't call in until much later that day and was required to take medication and lie back down.

26. The Plaintiff eventually had a heart attack two weeks later and open heart surgery. He missed work from November 27, 2023, through February 7, 2024.

27. On August 4, 2024, the Plaintiff awoke to again sharp chest pains and a rapidly beating heart. He took his medication and laid back down.  As soon as it is practical and reasonable to do so, Plaintiff contacted Essity through its leave of absence administrator, The Standard.

28. Plaintiff had to leave a message as there was no one to talk to when calling in. Plaintiff informed the Standard that, acting within its agency, both apparent and real authority to report employee absences, that his absence was "pending FMLA" as had been the common practice for call-ins.

29. At the next scheduled employment day, Plaintiff saw his supervisor and told him that he would go to the doctor and get retroactive approval for the absence of August 4, 2024, due to his heart condition. This was the practice of absences dates that were not reasonably foreseeable.

30. Jim Bryant, Dickerson's supervisor, informed him that it did not matter whether the absence was approved or not, as Dickerson had violated the call-in requirement.  The Defendants also held a recorded telephone call with the Plaintiff to discuss his absence, and Dickerson protested.

31. Essity did not change its mind, thus, according to the Defendant, there was cause to terminate Dickerson.

**Plaintiff complains to the EEOC and the Department of Labor**

32. Plaintiff exercised administrative remedies as required under the ADA by filing on September 24, 2024, a charge of discrimination contesting the termination as violating both the ADA and FMLA.

33. Plaintiff filed these charges with both the Equal Opportunity Employment Commission or EEOC and the Department of Labor.

34. The Department of Labor did not respond nor acknowledge the receipt of the claim, but the EEOC did.

35. The EEOC investigated the matter, held a mediation session, and then issued, on September 9, 2025, a right to sue letter which was received by the Plaintiff three days later.

36. The Plaintiff brings this action under the ADA after exhausting administrative remedies and within 90 of receipt of the EEOC's decision and

right to sue letter. A copy of the Plaintiff's right to sue letter is attached as Exhibit A.

37. Under the FMLA, there is no requirement to exhaust administrative remedies; Plaintiff did file these charges with the Department of Labor, which did not respond. Nevertheless, the EEOC investigation and mediation focused on both claims.

### Count I

38. Plaintiff readopts and realleges the averments in the preceding paragraphs as if more fully set out herein.

39. The Plaintiff suffered from two physical impairments that substantially limit major life activity, or has a record of one and/or the Defendants believed he suffered from a disability due to both his heart condition and his deafness in his right ear and only 25% hearing in his left ear.

40. Plaintiff could perform the essential function of his job with reasonable accommodation agreed to, including allowing for absences or late call-ins due to chest pain and tardiness or absence and tardiness due to the failure to allow Plaintiff to work the night shift.

41. The Defendants took adverse action against the Plaintiff on August 4, 2024, by terminating his employment for violating the call-in policy, even

though the Defendants knew Dickerson had tired and did inform his supervisor that the reason for his late call-in was chest pain.

42. The Defendants did not care about the legitimate reason Dickerson had regarding both the November 12, 2024, and August 4, 2024, absences, and Dickerson's supervisor, especially wanted him gone since the night shirt only issue was problematic in Bryant's mind.

43. As an approximate result of the Defendants' adverse action in firing Dickerson, the Plaintiff lost his job at Essity. Suffered loss of employment, including wages and benefits. Suffered anxiety and worry over the loss of such wages and benefits.

44. Plaintiff prays for a judgment under the ADA for back pay, job restoration with benefits, or in the alternative, front pay; prejudgment interest and costs; compensatory and punitive damages of at least $250,000 to punish and deter the Defendant and others from engaging in such wrongful, intentional or reckless conduct.

45. Plaintiff also requests an award of reasonable attorney fees for bringing this action against the Defendants.

**Count II**

46. Plaintiff readopts and realleges the preceding averments as if more fully set out herein.

47. Defendant is a covered employer under the FMLA in that it has more than 50 employees in 20 or more workweeks in the current or preceding the calendar year alleged in the violations.

48. The Plaintiff is a qualified individual entitled to take FMLA leave since he worked 1250 hours or more and in the previous 12 months for leave that should have been approved due to his own serious physical health condition, that is, heart disease, for which he could not work at his job on November 12, 2023, and August 4, 2024.

49. Plaintiff called in to report his absence and tardiness as soon as was reasonably possible and the Defendants knew Plaintiff had a serious physical condition that would without warning cause him to miss work or be late in calling in as they had previously approved leave for up to 6 days a month for his heart condition and or hearing loss and the Plaintiff had had a heart attack on November 27, 2023.

50. Essity terminated the Plaintiff for violating its call-in and tardiness policy in violation of leave that should have been approved for November 12, 2023, and August 4, 2024, and in violation of the FMLA.

51. The last day of adverse action by the Defendants as to the Plaintiff was August 6, 2024, or thereabouts.

52. Defendants' actions in terminating the Plaintiff in violation of the FMLA were intentional or willful, and Defendants knew the Plaintiff, based on past practices, could obtain approval for his leave once he went to the doctor in violation of 29 U.S.C. 2615 (a)(1).

53. Plaintiff prays for a judgment to be entered in favor of the Plaintiff and against the Defendants for violations of the FMLA, Title I (interference), including an award of back pay, job restoration with benefits or in the alternative, front pay; interest and court costs, and an award of reasonable attorney fees.

Respectfully submitted this the 8th day of December, 2025.

/s/ R. Willson Jenkins
R. Willson Jenkins
Attorney for Plaintiff
310 W. Tombigbee St.
Florence, Alabama 35630
256-766-4840 – Telephone
256-485-4733 – Fax
Willson@jenkinsattorney.com

## Jury Demand

**Plaintiff demands trial by jury on all counts permissible.**

Respectfully submitted this the 8th day of December, 2025.

                                        */s/ R. Willson Jenkins*
                                        R. Willson Jenkins

Defendants are to be served by the clerk of court via certified mail to:

Essity Professional Hygiene North America LLC
2929 Arch Street
Suite 2600
Philadelphia, PA 19104

Essity North America, Inc.
400 W. New Hope Road
Rogers, Arkansas 72758